United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-18-344-02 |
| | § | |
| LASHONIA JOHNSON, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On October 21, 2021, Lashonia Johnson appeared before the court and entered a plea of guilty to Count Two of the Indictment, which charged her with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. (Sealed Plea Agreement, Docket Entry No. 455, p. 1 ¶ 1) Johnson retained and was represented by experienced and well respected defense counsel at her rearraignment. After an extended colloquy with the defendant, the court found that her plea of guilty was a knowing and voluntary plea supported by an independent basis in fact establishing each of the elements of the offense. The court therefore accepted her plea and adjudged her guilty of Count Two. (Transcript of Re-arraignment Proceedings ("Rearraignment Transcript"), Docket Entry No. 662, p. 30 lines 16-22)

Defendant's sentencing was continued several times so that she could continue to cooperate with the government. On December 27,

2022, the court entered an order resetting the defendant's sentencing for March 2, 2023. (Order Resetting Sentencing, Docket Entry No. 579)  On February 3, 2023, a United States Probation Officer filed Johnson's initial Presentence Investigation Report ("PSR") (Docket Entry No. 591).

On February 22, 2023, Johnson's new counsel filed a Motion and Order for Admission *Pro Hac Vice* (Docket Entry No. 622), which the court granted; and, on March 2, 2023, the court granted her new counsel's Motion to Substitute Counsel (Docket Entry Nos. 626 and 628).  On March 1, 2023, Johnson's new counsel filed an Unopposed Motion to Postpone Sentencing (Docket Entry No. 627).  The motion did not mention that Johnson intended to withdraw her guilty plea. The court granted the motion and continued defendant's sentencing until April 13, 2023.  (Order Resetting Sentencing, Docket Entry No. 631)  On March 20, 2023, Johnson filed objections to the initial PSR, which did not mention a desire to withdraw her guilty plea.  (Position on PSR Objections, Docket Entry No. 675)  On March 30, 2023, Johnson filed the pending Motion to Withdraw Guilty Plea ("Johnson's Motion") (Docket Entry No. 679).  The United States filed the Government's Opposition to Defendant John Cruise and Lashonia Johnson's Motions to Withdraw Pleas (Under Seal) ("Government's Response") on April 2, 2023 (Docket Entry No. 684). On April 5, 2023, the court conducted a hearing on Johnson's Motion.

Because the court has accepted Johnson's guilty plea, Johnson's Motion is governed by Federal Rule of Criminal Procedure 11(d)(2). Rule 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court accepts the plea if the defendant can show "a fair and just reason for requesting the withdrawal."

In determining whether the defendant has shown a fair and just reason for withdrawal, the court should consider the seven factors set out by the Fifth Circuit in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The factors are: (1) whether the defendant has asserted her innocence, (2) whether allowing the defendant to withdraw her guilty plea would prejudice the government, (3) whether the defendant has delayed in filing the withdrawal motion, (4) whether withdrawal would substantially inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether the withdrawal would waste judicial resources. Carr, 740 F.2d at 343-44. The court is not required to make findings as to each of the Carr factors, and no one factor, alone, is dispositive. United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001) (citing United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991)). The court must make its determination based on the "totality of [the] circumstances." Id. (citing Carr, 740 F.2d at 344). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." Badger, 925 F.2d at 104.

At her rearraignment the court explained to Johnson that the court was required to ask her a number of questions. The court told Johnson that it was very important that she listen carefully and provide truthful and complete answers to all of the court's questions for several reasons. The court reminded Johnson that she was under oath and, therefore, that if she gave an untrue answer she could be charged with the separate crime of perjury. The court also explained to Johnson that her answers must be truthful and complete because the court was required to make a number of findings based on Johnson's answers before it could accept her guilty plea. The court informed Johnson that she should ask the court to repeat or explain anything that she did not understand and that she could confer with her attorney at any time without asking for permission from anyone. Johnson stated that she understood these instructions.

At her rearraignment Johnson testified that she had met with her attorney more than ten times, and that she had read the written Plea Agreement and discussed it with her attorney for one or two hours. The court carefully explained to Johnson that if her guilty plea was accepted, a probation officer would interview her, investigate the facts of the case, and prepare a presentence report. The court explained that Johnson and her attorney would have the opportunity to read the report and file objections to the report, and that the court would rule on any objections to the

report before sentencing her.  The court explained to Johnson that by pleading guilty she would forfeit her rights associated with a trial, including her rights to see and hear the government's witnesses against her and to have her lawyer question them. Johnson stated under oath that she understood the court's explanations.

During her rearraignment the court directed Johnson's attention to the lengthy, three-page Factual Basis for Guilty Plea contained in her Plea Agreement. (Docket Entry No. 455, pp. 8-10 ¶ 16)  The court asked Johnson: "Are all of the facts stated there true?"  Johnson answered, "Yes, sir."  The court then asked Johnson, "Did you do everything described on those three pages of the plea agreement?"  Johnson replied, "Yes, sir."  (Rearraignment Transcript, Docket Entry No. 662, p. 29 lines 16-20)  "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).

Johnson alleges "that she is innocent of the charges for which she [wa]s indicted," "asserts her actual innocence," and states that she "entered the plea at issue with an unsure heart and confused mind." (Johnson's Motion, Docket Entry No. 679, p. 1)  At the April 5, 2023, hearing Johnson testified that she was not guilty of Count Two and that she did not testify truthfully at her rearraignment.  She provided no credible factual support for her change of position, and the government's cross-examination

corroborated her guilt. In light of the court's detailed admonitions to Johnson regarding the importance of answering truthfully and Johnson's admissions under oath in open court that all of the facts stated in the factual basis were true, the court is not persuaded by Johnson's last-minute, conclusory assertion that she is not guilty.

Johnson argues that her Motion is not unduly delayed and that allowing her to withdraw her plea will not unreasonably prejudice the government. The court disagrees. Johnson filed her Motion more than 17 months after she pleaded guilty, and approximately two weeks before her sentencing. By any standard this is an unreasonable delay. See Carr, 740 F.2d at 345 (describing as "not promptly filed" a motion to withdraw filed twenty-two days after the plea).

The court concludes that the government would be substantially prejudiced if the court allows Johnson to withdraw her plea. See Carr, 740 F.2d at 344 ("'The movant's reasons must meet exceptionally high standards where the delay between the plea and the withdrawal motion has substantially prejudiced the Government's ability to prosecute the case.'" (quoting United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975))). The record establishes that the government expended significant effort in preparing for trial before Johnson agreed to plead guilty. In its opposition the government states:

> The government has not been in contact with the majority of the witnesses required for trial in approximately a year and a half. It would need to locate these witnesses who are located in multiple states. Additionally, the government would expend resources re-retaining experts, flying in members of the prosecution team and witnesses for trial, and getting new members of the team up to speed on the case.

Government's Response, Docket Entry No. 684, pp. 10-11. Allowing Johnson to withdraw her guilty plea would also greatly inconvenience the court and waste judicial resources. The court has heavy criminal and civil dockets, and has already devoted substantial time and resources to this case. The government estimates that a trial of Johnson would last approximately two weeks. The government also states:

> Additionally, the majority of Defendants' cooperating co-defendants are scheduled to be sentenced in ten days, and the government intends to file motions for downward departure under section 5K1.1 of the Federal Sentencing Guidelines this week. The government would have to seek a continuance of their sentencing should Defendants proceed to trial as the cooperating co-defendants' testimony would be required at trial. If cooperators are sentenced and begin to serve their sentences, the Marshals will need to expend significant resources transporting cooperators who will need to be housed separately.

Government's Response, Docket Entry No. 684, pp. 12-13.

The court concludes that allowing Johnson to withdraw her plea would unnecessarily cause further delay, would require additional court proceedings, and would result in a waste of judicial resources.

Johnson has failed to show that any of the seven <u>Carr</u> factors weigh in her favor. Accordingly, the court concludes that the

totality of the circumstances do not favor allowing Johnson to withdraw her guilty plea.  Johnson's Motion to Withdraw Guilty Plea (Docket Entry No. 679) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 6th day of April, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE